JESSIE WISER, Respondent, *v.* VAN DYKE TRANSFER COMPANY, INCORPORATED, Appellant.

Fourth Department, November 9, 1926.

**Motor vehicles — taxicabs — action by passenger for injuries suffered when she tripped over metal strip on doorsill and fell — instructions — accident caused hernia — operation therefor resulted also in removing cystic tumor — error for court to charge that jury might consider cystic tumor in determining damages — no evidence that accident caused tumor or developed necessity for its removal.**

In an action to recover damages for injuries suffered by the plaintiff, when she caught her heel on a metal strip upon the doorsill of a taxicab, in which she was riding, and fell, in which it appears that the accident produced a hernia, and that in the operation to cure the hernia a cystic tumor was removed, it was error for the court to charge the jury that it might consider the tumor on the question of damages, in view of the fact that the plaintiff's own physician, who performed the operation, testified that he would not say that the accident caused the tumor or developed the necessity for its removal. Under the circumstances, the jury were permitted to take into consideration, in fixing the damages, the purely problematical question whether or not the tumor was caused by the accident or was developed to such an extent as to require its removal.

APPEAL by the defendant, Van Dyke Transfer Company, Incorporated, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 17th day of February, 1926, upon the verdict of a jury for $3,250, and also from an order entered in said clerk's office on the 16th day of April, 1926, denying defendant's motion for a new trial made upon the minutes.

*Carlton E. Ladd,* for the appellant.

*Ward, Flynn, Spring & Tillou* [*Dana L. Spring* of counsel], for the respondent.

PER CURIAM. Plaintiff, respondent, has obtained a verdict against defendant, appellant, for $3,250 for personal injuries. It is based upon a finding that on the evening of May 3, 1924, while respondent was alighting from one of appellant's cabs in the city of Buffalo, she caught her heel upon a metal strip upon the doorsill of the cab, stumbled and fell against her companion who was standing close to the cab door. With respect to contributory negligence, there is no occasion for reversal. The serious point raised by appellant is relative to the latitude allowed the jury by the learned court as to details appropriate for their consideration in the matter of damages. The adequacy of the verdict, considering merely the causation, treatment and effects of a hernia claimed to have been caused and the necessary expense entailed, calls attention sharply to this phase of the case.

An operation was performed to cure the hernia, and in the course thereof a cystic tumor was removed. Respondent's own surgeon who performed the operation testified that he would not say that the accident caused the cystic tumor or developed the necessity for its removal. The learned court in the main charge to the jury said that the question as to whether an operation for that ailment (the tumor) would have been required, even though this accident had not occurred, was purely problematical. However, during a colloquy between the court and appellant's counsel, following the main charge, this occurred: " Mr. Ladd: I except to your Honor's leaving to the jury any question of physical impairment. I think there is none. I think your Honor has said that the doctors agree as to the ovary feature of it. It is simply a question as to what might have happened to the ovary had the operation not been performed at that time, and that the whole matter is too speculative; therefore they must not take into consideration in fixing the damages the effect on the ovary or the fact that she had at that time an operation on the ovary. The Court: That is one of the incidents of the operation. Whether that operation would have been necessary had it not been for the injury is not determined by the evidence. Mr. Ladd: I therefore ask you to charge the jury that they cannot consider it; too speculative. The Court: They may consider that as one of the circumstances in determining the damage. Mr. Ladd: I except to that, to your Honor's charge as now made and to the refusal to grant the requests as made."

This was error. It was permitting the jury to take into considera-

tion in arriving at any verdict for respondent something which, under the testimony and the law of the case, was entirely speculative and " problematical." It may well have been prejudical to appellant; therefore, a new trial should be had.

The judgment in favor of respondent and the order denying the motion for a new trial on the minutes should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., DAVIS, SEARS, CROUCH and TAYLOR, JJ.

Judgment and order reversed on the law and new trial granted, with costs to appellant to abide event.